# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff-Appellee,<br><br>v.<br><br>Josmar Ivan Ruiz-Santos,<br><br>　　　　　　　　Defendant-Appellant. | Case No.:  19-mj-24658-BMK-DMS<br><br>**ORDER AFFIRMING JUDGMENT OF CONVICTION** |

On December 30, 2019, Defendant-Appellant Josmar Ivan Ruiz-Santos ("Defendant") filed a timely notice of appeal to the district court. (ECF No. 10.) This Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402. For the reasons discussed below, the Court affirms the conviction.

## I.　BACKGROUND

On December 20, 2019, Defendant pled guilty to attempted entry into the United States in violation of Title 8, U.S.C. § Section 1325(a)(1). (ECF No. 7.) At the time he plead guilty, the Magistrate Judge advised Defendant of the following elements of his offense:

> First, defendant was at the time of defendant's attempted entry into the United States was an alien; that is, a person who is not a natural-born or naturalized citizen or national of the United States of America.
> Second, defendant had the specific intent to enter the United States at a place and time other than designated by immigration officers.
> Third, defendant also had the specific intent to enter the United States free from official restraint, meaning the defendant intended to enter without being detected, apprehended, or taken into custody by government authorities so that she could roam freely in the United States. And fourth, defendant did something that was a substantial step towards committing the crime and strongly corroborated the defendant's intent to commit the crime.

(Plea Transcript 17–18.) Defense counsel objected, arguing that the Government must also prove that Defendant knew at the time of his entry that he was not a United States citizen. The court overruled counsel's objection, accepted Defendant's guilty plea, and sentenced Defendant to time served.

## II.   DISCUSSION

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  18 U.S.C. § 3402.  "A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."  Fed. R. Crim. P. 58(g)(2)(B).  The appeal's scope is "the same as in an appeal to the court of appeals from a judgment entered by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).

On appeal, Defendant raises two arguments: (1) Section 1325(a)(1) violates equal protection under *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977); and (2) the Magistrate Judge erred in not advising Defendant that knowledge of alienage is an element of his offense.  Because the Ninth Circuit has foreclosed both arguments, the Court must deny Defendant's appeal.

### A. Equal Protection Under *Arlington Heights*

Defendant argues his prosecution violates the equal protection clause under *Arlington Heights*; however, Defendant acknowledges that the Ninth Circuit foreclosed

this argument in *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1154 (9th Cir. 2023) ("We conclude that Carrillo-Lopez did not meet his burden to prove that Congress enacted § 1326 because of discriminatory animus against Mexicans of other Central and South Americans … and we reject Carrillo's equal protection claim.")  Although Defendant argues this case was wrongly decided by the Ninth Circuit, the Court is bound to follow Ninth Circuit precedent and therefore must reject Defendant's constitutional challenge.

### B. Knowledge of Alienage as an Element of the Offense

Defendant further argues that knowledge of alienage is an element of the underlying offense and the Magistrate Judge erred in failing to advise Defendant of the elements of the charged crime.  However, the Ninth Circuit rejected this argument in *United States v. Rizo-Rizo*, 16 F.4th 1292, 1299 (9th Cir. 2021) ("We therefore hold that knowledge of alienage is not an element of § 1325(a).").  Thus, the Magistrate Judge did not err in advising Defendant of the elements of his offense and the Court must reject Defendant's arguments.

### III.   CONCLUSION AND ORDER

For these reasons, the Court **DENIES** Defendant's appeal and **AFFIRMS** his judgment of conviction.

**IT IS SO ORDERED.**

Dated:  April 24, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court